DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on petitioner, Kenneth A. Jackson's, complaint for habeas corpus.
 {¶ 2} R.C. 2725.04 sets forth the items required when filing an application for writ, and states:
 {¶ 3} "Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him, and shall specify:
 {¶ 4} "(A) That the person in whose behalf the application is made is imprisoned, or restrained of his liberty;
 {¶ 5} "(B) The officer, or name of the person by whom the prisoner is so confined or restrained; or, if both are unknown or uncertain, such officer or person may be described by an assumed appellation and the person who is served with the writ is deemed the person intended;
 {¶ 6} "(C) The place where the prisoner is so imprisoned or restrained, if known;
 {¶ 7} "(D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear."
 {¶ 8} Upon review of petitioner's request, we find that it fails to meet the requirements set forth in R.C. 2725.04. Specifically, appellant has failed to attach a copy of the judgment entry ordering his commitment as required by R.C. 2725.04(D). Based on the foregoing, we dismiss petitioner's habeas corpus action at his costs.
WRIT DISMISSED.
Melvin L. Resnick, J., Richard W. Knepper, J., and Mark L.Pietrykowski, P.J., CONCUR.